STINSON v. RICHARDSON ET AL.

1. **Homestead :** DISCHARGE OF LIEN : S., having a bond for a deed of land in which his homestead was included, made an assignment thereof to R., the wife refusing to join in the assignment. There were prior judgment liens upon the property which R. discharged, and he then came into possession of a part of the property: *Held*, that the amount due from R. for the rent of the homestead, or so much thereof as he occupied, should be applied in reduction of his lien for the judgments.

2. ———— : TAX TITLE. R., being in possession under an agreement to pay all back taxes, could not acquire a tax title on the property, and was entitled to recover only the amount paid by him, with six per cent interest.

*Appeal from Boone Circuit Court.*

FRIDAY, JUNE 7.

FOR a history of this case, prior to the commencement of the present proceeding, reference is made to a former appeal. See *Stinson v. Richardson et al.*, 44 Iowa, 373. On the plaintiff's appeal the decree was modified. The *procedendo* was filed in the Circuit Court February 14, 1877. On the 31st of March, 1877, the plaintiff filed in the Circuit Court her supplemental petition, alleging "that the defendant had the possession of all the land since the former trial, and had the use of it, which was worth seventy-five dollars, and had cut trees and removed rails, and had wilfully damaged the build-

ings and other improvements thereon, to the extent and value: of all of which should be applied as of the proper date to' extinguish his lien upon her homestead." The defendant answered as follows:

"1.   Admits possession of part of the land, but the rent was only worth fifty dollars per year.

"2.   That he cut some trees not worth over three dollars.

"3.   Denies everything else in the petition.

"4.   That the items set up in the supplemental petition should not be set off against the homestead liens, because they do not belong to plaintiff, and she has no interest therein, and specially pleads that she cannot recover for waste, etc., on that part of the land not included in the homestead.

"5.   That when his contract to purchase the land from plaintiff's husband was revoked he procured tax title certificates on the land, had them conveyed to W. L. Defore, and on October 17, 1873, Defore procured treasurer's tax deeds for said land, and that he has been in possession under those deeds, and that he has paid taxes, but cannot state the amount."

For equitable defense, he says that in April, 1872, as part of the purchase price of the land in suit, he satisfied his judgments of record.   The defendant prays that the tax title deeds be held valid, and, if not held valid, that an accounting may be had, and he have the taxes and penalties thereon, and that the satisfaction of the judgments be set aside and sale ordered.

Defore filed an intervening petition alleging that, October 24, 1873, he procured treasurer's tax deeds for the land in suit for the benefit of defendant Richardson, who has paid him all money expended, and, by his consent, has been in' possession of the premises; that he has no personal interest herein, except so far as he has assumed to act for Richardson, and asking that the tax deeds be established and confirmed, and, if that cannot be done, that he have all the rights the county would have to collect taxes with penalties.

The plaintiff replied, alleging:

"1.    That the matter of the tax title has already been adjudicated and settled.

"2.    That in April, 1872, Richardson agreed with James Stinson to pay all the taxes on that land, and to redeem it from tax sale; that Stinson then delivered Richardson a horse worth seventy-five dollars to apply on such contract or bargain, and he has kept and never accounted for the horse, and has had said horse or its value in his hands all the time the tax title was enuring; that Richardson has been in possession of the land, claiming it adversely to plaintiff, and has had the full use and enjoyment of said land, and it was his duty to pay said taxes, and prevent the tax deeds from enuring.

"3.    That to her prejudice her husband, James Stinson, refused to make any defense to the claims of Richardson, and she asks that she may defend, to protect her own rights and interest in the premises."

The cause was tried by the court, and a decree was entered as follows:

"1.    Allowing plaintiff to be credited, on the lien on the homestead, rent and damages occurring since the former decree, deducting therefrom the money Richardson had paid for the tax sale certificates, with six per cent interest on each payment from its date, the sum equaling sixty-four dollars and seventy-five cents, but refused to allow rent and damages on the other twenty acres."

To this plaintiff excepted.

"2.    Holding and declaring the tax title deeds invalid to pass title to Defore, but treating the same as payment by Richardson on the contract."

To this defendant excepted.

"3.    Refusing to allow plaintiff anything in the accounting for the horse her husband delivered to Richardson on the trade, when it was made, in April, 1872."

To this the plaintiff excepted.    Both parties appeal.

*Hull & Ramsey,* for plaintiff.

*Kidder & Crooks* and *D. R. Hindman,* for defendant.

DAY, J.—I. In April, 1872, James Stinson, husband of plaintiff, held a bond from one Dawkins for a conveyance of

1. HOMESTEAD: discharge of lien.

sixty acres of land, upon which Stinson had paid one thousand two hundred dollars or one thousand four hundred dollars, the proceeds of a former homestead. Dawkins had obtained judgment against Stinson for the balance due. Jesse Stinson and Frank Richardson also had judgments against James Stinson. James Stinson assigned the Dawkins bond to Richardson, the plaintiff, his wife, refusing to concur. In consideration Richardson agreed to pay the Dawkins judgment, the Jesse Stinson judgment, all back taxes, a team of horses and five dollars in money, and to release his own judgment. Stinson agreed to let Richardson have a horse worth sixty dollars to seventy-five dollars. The plaintiff refusing to concur in the sale, Richardson did not deliver the team. Richardson retained the horse Stinson let him have, paid the Dawkins and the Jesse Stinson judgments, and took possession of the land, except one house and a small garden spot. On the former trial the assignment as to the forty acres was set aside. Richardson was allowed for improvements thereon, and was charged with rents thereof, and the Dawkins judgment and part of the Jesse Stinson judgment were declared a lien on the whole sixty acres in favor of Richardson, who had paid them. The plaintiff now claims that the rents of the whole sixty acres, since the former trial, should be applied to diminish Richardson's lien for the judgments paid. The court allowed plaintiff's claim as to the forty acres, the homestead, but denied the claim as to the remaining twenty acres. From this decision plaintiff appeals. In this respect the decree of the court below was right. The sale of the twenty acres was not

affected by the former decree. Defendant was in possession of that under his purchase, which still remains undisturbed, and he ought not to be required to apply the rents and profits in extinguishment of his lien.

II.   The defendant Richardson, being in possession of all
2. ———: tax   the land under his contract of purchase, furnished
title.   Defore money to buy in, for his use, certificates
of tax sale on the land.   Tax deeds have now been executed, and under these defendant insists that he is entitled to the land, or at least to the amount expended, with the ordinary penalties which would be due the county if the taxes had not been paid.   The court allowed defendant the amount paid, with six per cent interest.   From this judgment the defendant appeals.   We think this action of the court is also correct. The defendant was in possession under an agreement to pay all back taxes.   The amount which he paid for certificates of purchase should be treated simply as so much paid in compliance with the terms of the contract upon his part, and for that sum, with six per cent interest from the time of payment, he was properly allowed.

III.   The defendant refused to deliver the team because plaintiff would not ratify the contract.   Stinson let defendant have a horse, under the agreement, and he still retains the same.   The plaintiff asks that the value of this horse be applied in discharge *pro tanto* of defendant's lien upon the homestead forty.   We think plaintiff is entitled to this relief. Defendant has paid nothing but the judgments, and for them he has been subrogated to the lien of the holders of the judgments.   It is true the horse belonged to plaintiff's husband. She could not, in a direct action therefor, recover its value, but she is entitled to protect the homestead, and, in the event of the failure of her husband to do so, she may insist upon a proper allowance for all sums which should equitably go to release the lien upon the homestead. . As defendant did not deliver the team, he ought to account for the value of the

horse. Upon plaintiff's appeal the cause is reversed and remanded with directions to apply the value of the horse in reduction of the judgment liens.

REVERSED.